# Sellers *v.* Commissioners Court of Geneva County.

## *Contest of Stock Law Election.*

### (Decided Jan. 19, 1910.  51 South. 795.)

*Electors; Registration; Constitutional and Statutory Prohibition.*—Construing together sections 178 and 186, Constitution 1901, General Acts 1903, p. 438, section 320, Code 1907, General Acts 1907, p. 68, S. S., it is held that an elector, who has been duly registered in a county, need not·be registered again on changing his residence from one precinct to another in the same county, in order to be entitled to vote.

APPEAL from Geneva Probate Court.

Heard before Hon. P. C. BLACK.

Action by M. H. Sellers against the Commissioners' Court of Geneva County to contest a stock-law election. From a judgment dismissing the petitioner's contest, he appeals. Affirmed.

The bill of exceptions recites that all the allegations of the petition were admitted, except the allegations contained in the fourth paragraph. It was shown that several persons who voted against the stock law at said election had theretofore registered as electors in precincts 7, 8, and 9 of Geneva county, and that they were registered in the year 1904. The election was held in beat 10, and at the time said election was held these persons had lived in said beat for more than the required length of time to authorize them to vote therein, and had lived in the county a sufficient length of time, provided they possessed the other qualifications as an elector. It was admitted that if it was necessary for such persons to again register in beat 10, or have their names entered on the registration list of said beat, then judgment should be rendered for the contestant; otherwise, for the contestee.

[Sellers v. Commissioners Court of Geneva County.]

W. O. MULKEY, for appellant.—Under the election provisions in operation in Alabama, a voter registered in a county must be re-registered if he moves from one precinct to another in the same county, to entitle him to vote in such precinct, or he may return to the precinct from which he removed and cast his vote.—Sec. 316, Code 1907; 178 and 186 Constitution 1901; Acts 1903, p. 438; 15 Cyc. 302; Section 320, Code 1907; *Bayer v. Teague,* 19 Am. St. Rep. 547; *State ex rel. v. Bond,* 38 Mo. 425.

J. F. JOHNSON, for appellee.—Counsel insist that a voter who is properly registered in a county may move from one precinct to another in that county, and vote in the precinct to which he has removed, without registering therein.—Acts 907 (S. S.) p. 69; 13 Ala. 805; 29 Ala. 711; Section 290, Code 1907.

DOWDELL, C. J.—As stated in argument by counsel on both sides, there is but one question presented for our consideration on this appeal. The question is whether, upon a change of residence from one precinct to another in the same county, a voter is required to register over in the precinct of his new residence before he is entitled to vote.

The qualification of voters is regulated in this state by both constitutional and statutory provisions. To entitle a person to vote it is provided, among other things, in section 178 of the Constitution of 1901, that "he shall have resided in the state at least two years, in the county one year, and in the precinct or ward three months, immediately preceding the election at which he offers to vote, and he shall have been duly registered as an elector," etc. It is further provided in said section: "But any elector who, within three months next preced-

ing the date of the election at which he offers to vote, has removed from one precinct or ward to another precinct or ward in the same county, incorporated town, or city, shall have the right to vote in the precinct or ward from which he has so removed, if he would have been entitled to vote in such precinct or ward but for such removal." It is to be observed in this connection that no such reservation of the voter's right is made in case of a removal from one county to another.

Section 186 of the same Constitution provides that "the Legislature shall provide by law for the registration, after the 1st day of January, 1903, of all qualified electors." This section then proceeds to provide for registration up to the 1st day of January, 1903. In pursuance of this constitutional provision the act of October 9, 1903, was passed by the Legislature (Gen. Acts 193, p. 438), wherein the registration of electors is provided for and regulated. Section 1 of this act is a substantial reiteration of section 178 of the Constitution as to the qualifications of the voter. Section 6 fixes the time and place for registration under the act, and provides: "No person shall be registered except at the county site or in the precinct or ward in which he resides." No reference is made in this section to any change of residence of the voter, and evidently the quoted provision has reference to the original registration of the voter in the county. Section 9 provides, among other things, that "no person registered as an elector shall again be required to register unless his place of residence is changed." Section 15 is as follows (marginal note, "Change of county residence") : "Any elector who has changed the county of his residence, shall be registered on application and production of his certificate, unless he has since become disqualified." This section of the act, as adopted into the Code of 1907

[Sellers v. Commissioners Court of Geneva County.]

by section 320, omits the words "county of"; but we attach no importance to this change, since, under the law, the voter may register at the county site, though his residence be in a different precinct of the county from that of the county site.

The latest expression of legislative will, on this subject, is to be found in the act approved November 23, 1907 (Gen. Acts Sp. Sess. 1907, p. 68) . It is provided in section 2 of this act as follows: "That any elector, who may have changed the county of his residence, shall, on application, after he shall have acquired a legal residence in his new location, be registered upon production of his legal certificate to the board of registrars, unless he since shall have become disqualified." No reference is made to a change of residence from one precinct to another in the same county, and it is fair and reasonable to presume that, if such a change of residence of the voter required that he should register over, some provision would have been made for it. Manifestly, we think, it was not intended by the Legislature that a change of residence by an elector from one precinct to another in the same county should necessitate re-registration.

So, in our review of the constitutional and statutory provisions on the question, we are unable to find that an elector who has been duly registered in the county is required to re-register, on his change of residence from one precinct to another, in order to qualify himself to vote. Our conclusion is that the probate judge committed no error in his ruling, and the judgment appealed from will be affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.